IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| **DELICIA HUGHES,**<br><br>**Plaintiff,**<br><br>-v-<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC and EQUIFAX INFORMATION SERVICES, LLC,**<br><br>**Defendants.** | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Plaintiff, Delicia Hughes, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Transunion") and Equifax Information Services, LLC ("Equifax"), negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff further alleges that Defendants failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to conduct reasonable investigations in response to Plaintiff's disputes.

3. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. §

-1-

1681p.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

6. Plaintiff, Delicia Hughes ("Plaintiff"), is a resident of Forsyth County, North Carolina and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

9. Defendant Equifax Information Services, LLC ("Equifax") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

10. Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

11. Defendant TransUnion, LLC ("Transunion") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

12. TransUnion is a limited liability company with its principal place of business at 555 W. Adams Street, Chicago, IL 60661.

## FACTUAL ALLEGATIONS

13. Sometime in October 2022, following an eviction proceeding, Plaintiff settled an outstanding rent balance with her apartment's property management company, EAGLE REALTY LLC ("EAGLE REALTY") and was relieved of any financial obligation.

14. Furthermore, as part of the settlement, Plaintiff was refunded $1,000 of her rent deposit from EAGLE REALTY.

15. Despite this, Plaintiff reviewed her credit reports and discovered that Experian, Equifax and Transunion were each similarly reporting the EAGLE REALTY account via a debt collector, NATIONAL CREDIT SYSTEMS, INC., ("NCS") as a collection with an outstanding balance of $1,441.00.

16. Accordingly, on numerous occasions, including most recently on or about September 25, 2023, Plaintiff sent disputes regarding this account in writing to Experian, Transunion, and Equifax, attaching excerpts of the text message exchanges between herself and her landlord and indicating that she did not owe any balance, and requesting that this information be removed.

17. Following receipt of Plaintiff's disputes, Experian failed to conduct a reasonable investigation, correct or remove the inaccurate NCS account from the Plaintiff's credit file. Instead, Experian purported to have verified this information as accurate and as a result, that information is still being reported to this day.

18. Upon information and belief, Experian had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

19. Similarly, TransUnion refused to investigate, correct or remove the NCS account from the Plaintiff's credit file. Instead, Transunion purported to have verified this information as accurate and as a result, that information is still being reported to this day.

20. Upon information and belief, TransUnion had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

21. Equifax also refused to investigate, correct or remove the inaccurate NCS account from the Plaintiff's credit file. Instead, Equifax purported to have verified this information as accurate and as a result, that information is still being reported to this day.

22. Upon information and belief, Equifax had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

23. Experian, Equifax, and Transunion were each notified of the respective disputes but refused to investigate and/or remove inaccurate reporting.

24. At all times pertinent hereto, Defendants' violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681s, 1681i and 1681b of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

25. Additionally, Defendants' violations of the FCRA were negligent. Accordingly,

Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

26. In any event, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

27. As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in her daily life, by the impact that this derogatory information has had on her credit score and the defamatory harm that Plaintiff has suffered as a result of having this fraudulent, negative information attributed to her and disseminated to creditors. For example, Plaintiff has been denied credit on multiple occasions due to these derogatory inaccuracies.

28. Defendants' violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in her daily life, and subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EXPERIAN

29. All preceding paragraphs are realleged.

30. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

31. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

32. On multiple occasions, including on or about September 25, 2023, the Plaintiff

initiated disputes with Experian requesting that they correct specific items in her credit file that were patently inaccurate and damaging to her, namely the damaging NCS account.

33. Upon information and belief, Experian received Plaintiff's dispute.

34. Experian, having either conducted no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate account on the Plaintiff's credit file, something that any basic investigation would have prevented.

35. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EXPERIAN

36. All preceding paragraphs are realleged.

37. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

38. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate NCS account information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

39. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT III

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EQUIFAX

40. All preceding paragraphs are realleged.

41. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

42. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

43. On multiple occasions, including on or about September 25, 2023, the Plaintiff initiated disputes with Equifax requesting that they correct specific items in her credit file that were patently inaccurate and damaging to her, namely the damaging NCS account.

44. Upon information and belief, Equifax received Plaintiff's dispute.

45. Equifax, having either conducted no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate account on the Plaintiff's credit file, something that any basic investigation would have prevented.

46. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT IV
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EQUIFAX

47. All preceding paragraphs are realleged.

48. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

49. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate NCS account information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

50. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

**COUNT V**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST TRANSUNION**

51. All preceding paragraphs are realleged.

52. At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

53. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

54. On multiple occasions, including on or about September 25, 2023, the Plaintiff initiated disputes with Transunion requesting that they correct specific items in her credit file that were patently inaccurate and damaging to her, namely the damaging NCS account.

55. Upon information and belief, Transunion received Plaintiff's previous disputes.

56. Transunion, having either conducted no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate account on the Plaintiff's credit file, something that any basic investigation would have prevented.

57. As a direct and proximate result of Transunion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff have been harmed, as explained above.

## COUNT VI
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST TRANSUNION

58. All preceding paragraphs are realleged.

59. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

60. Were Transunion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate NCS account information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

61. As a direct and proximate result of Transunion's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## DEMAND FOR TRIAL BY JURY

62. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

-9-

Case 1:24-cv-00084-UA-JLW   Document 1   Filed 02/02/24   Page 9 of 10

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: February 2, 2024

By: /s/ Ari H. Marcus
Ari H. Marcus, Esq. (NC Bar ID 60687)
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile

*Attorney for Plaintiff*